## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

**BERNADINE BROWN**                                                  **CIVIL ACTION**

**VERSUS**                                                           **NO: 07-6933-ILRL-SS**

**MICHAEL J. ASTRUE, COMMISSIONER**
**OF SOCIAL SECURITY ADMINISTRATION**

### REPORT AND RECOMMENDATION

Before the undersigned is the petition of the plaintiff, Bernadine Brown ("Brown"), for attorney's fees. Brown seeks an award of attorney's fees in the amount of $5,928.35, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). The defendant, Michael J. Astrue, the Commissioner of the Social Security Administration ("Commissioner"), raises two objections to the application: (1) the requested hourly rate should be reduced from $170.60 to $150.00 per hour; and (2) 2.50 hours should be eliminated as clerical time, and thereby the attorney fees awarded to Brown should be no more than $4,387.50. Rec. doc. 28. The Commissioner's objections have merit. For the reasons described below, it will be recommended that Brown be awarded fees of $4,387.50.

### BACKGROUND

On May 20, 2004, Brown applied for supplemental security income under Title XVI of the Act, 42 U.S.C. § 1382(a)(3). The application was denied. After Brown exhausted her administrative remedies, she filed this action. Rec. doc. 1. The Commissioner answered. Rec. doc. 11. Brown filed her motion for summary judgment and a motion to supplement the record. Rec. docs. 18 and 19. The Commissioner moved to remand the case for further administrative proceedings. Rec. doc.

22.  A judgment was entered.  Rec. doc. 23.  It is not disputed that Brown is a prevailing party entitled an award of reasonable attorney fees.

## HOURLY RATE

Pursuant to the EAJA, attorney fees shall not be awarded in excess of $125.00 unless it is determined that an increase in the cost of living justifies a higher fee.[1]  28 U.S.C. § 2412(d)(2)(A).  The hourly rate was increased from $75 per hour to $125 per hour in 1996.  Based on the change in the Consumer Price Index from March 1996 to January 2008, Brown contends that if the cap is adjusted for inflation through January 2008, it would be increased to $170.60 and therefore the hourly rate should be adjusted to $170.60.  The Commissioner contends that Brown has not presented sufficient proof of such an increase.  It urges that an hourly fee of $150.00 is more appropriate.

In Hall v. Shalala, 50 F.3d 367 (5th Cir. 1995), the Fifth Circuit noted that the dual purpose of the EAJA is to ensure adequate representation for those who need it and to minimize the cost of this representation to taxpayers.  Id. at 369.  The undersigned finds that an hourly rate of $150.00 per hour will satisfy the purposes of the EAJA.

## REASONABLE HOURS

Brown seeks compensation for 31.75 hours.  The Commissioner contends that two and a half hours sought by Brown should be eliminated.  It cites ten entries, which it contends reflect routine clerical work.  Rec. doc. 28 at 4.  It urges that the activity described in the these entries does not

---

[1] The hourly rate also may be increased if the court determines that a special factor, such as the limited availability of qualified attorneys for the proceeding involved justifies a higher fee.  28 U.S.C. § 2412(d)(2)A)(ii).  Brown does not make this argument in support of an increased hourly fee.

require the skill of an attorney. For example, the entry of October 9, 2007 is for the preparation of a cover letter to the Clerk for the filing of a pleading. The undersigned agrees that these entries reflect work that did not require the skills of an attorney. A further justification for the reduction sought by Commissioner is found in the fact that all entries are billed in quarter hour segments. This would warrant a reduction in the amount sought by the Commissioner for a failure to exercise billing judgment. Cambridge Toxicology Group v. Exnicios, 495 F.3d 169, 181-82 (5th Cir. 2007). It will be recommended that Brown be awarded 29.25 hours.

## RECOMMENDATION

IT IS RECOMMENDED that Brown's petition for attorney's fees (Rec. doc. 25) be GRANTED in PART and DENIED in PART and that Brown be awarded attorney's fees of $4,387.50 (29.25 hours at $150 per hour).

New Orleans, Louisiana, this 25th day of August, 2008.

**SALLY SHUSHAN**
**United States Magistrate Judge**